# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FRANCES ENDENCIA,

Plaintiff,

v.

AMERICAN PSYCHIATRIC
ASSOCIATION,
DR. STAFFORD HENRY, as
Representative, and
ILLINOIS DEPARTMENT OF
FINANCIAL AND PROFESSIONAL
REGULATION,

Defendants.

Case No. 19-cv-3161

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Frances Endencia owned the Pampered Pet Veterinary Service, which she says experienced multiple break-ins between 1999 and 2007. According to Endencia's complaint, after one such break-in in 2005, she contacted the police. At the police department's recommendation, the Illinois Department of Financial & Professional Regulation ("IDFPR") required her to undergo a psychiatric evaluation. The result of the evaluation was that IDFPR suspended Endencia's veterinary license.

Endencia brings this suit against Defendants for violating the Federal Trade Commission Act (Count I) and for negligent misrepresentation (Count II). Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After the motions were fully briefed, Endencia filed motions to amend her complaint and add defendants. For the reasons explained below, the Court grants

Defendants' motions to dismiss [10] and [15], and denies Endencia's motions for leave to amend and add defendants [28] and [29].

## I. Background

Pro se Plaintiff Frances Endencia ("Endencia") brings suit against the American Psychiatric Association ("APA"), Dr. Stafford Henry, "representing" the APA, and the IDFPR (collectively, "Defendants") for violating the Federal Trade Commission Act (FTCA), 15 U.S.C. §§ 41–58 and for negligent misrepresentation. (Dkt. 1, Compl.).[1] Endencia worked as a veterinarian until the IDFPR suspended her license in August 2008. (*See id.* ¶ 5.).[2] Endencia alleges that the basis for that suspension was a psychiatric diagnosis based on APA procedures. (*Id.* ¶¶ 1, 7–10.)[3]

As Endencia states in her complaint, her claims focus on the "diagnostic procedures of Psychiatry." (*Id.* ¶ 1). She alleges that the diagnostic tests are not "transparent to the public", are "distorted" and "not based on medical science." (*Id.* ¶¶ 8–9.) She further alleges that psychiatrists (none specifically named) negligently fail to inform the public that their treatments cause harm. (*Id.* ¶ 11.)

The APA argues that dismissal is appropriate under Rule 12(b)(6) because the FTCA does not provide a private right of action, Endencia fails to state a claim for negligent misrepresentation, and her negligent misrepresentation claim in any event is time-barred. (Dkt. 11.) The APA also argues that she fails to allege facts that show

[1] The Court accepts as true all of Plaintiff's well-pleaded facts and draws all permissible inferences in Plaintiff's favor. *See e.g., Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (internal citations and quotations omitted).
[2] Although not explicitly stated in her complaint, it appears Dr. Henry completed the evaluation.
[3] Her license was "indefinitely suspended" by the IDFPR. (Dkt. 11-2, Exh. 2).

an agency relationship between the APA and Dr. Henry, such that the APA could be liable for his actions. (*Id.*) IDFPR argues that dismissal is warranted under Rules 12(b)(6) and 12(b)(1) because Endencia fails to state a claim and because the IDFPR is immune from suit under the Eleventh Amendment. (Dkt. 15-1.) Both Defendants seek dismissal with prejudice.

The motions to dismiss were fully briefed on August 5, 2019. Endencia sought leave to file an amended complaint on August 27, 2019.

## II.  Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp.,* 763 F.3d at 700. A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and

internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).[4]

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). A court may look beyond the jurisdictional allegations of the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citations and internal quotations omitted).

---

[4] With regard to extrinsic evidence, courts normally do not consider such evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials."). In addition, the Court may "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).

"[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence." *Boutte v. Nw. Med. Faculty Found.*, 276 F. App'x 490, 491 (7th Cir. 2008) (citation and quotations omitted).

## III.    Analysis

### A.  IDFPR Immunity

IDFPR is immune from Endencia's lawsuit. IDFPR, as a state agency, is an arm of the State for purposes of the Eleventh Amendment. *See Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991).[5] As another court in this district recently explained: "The Eleventh Amendment bars [Plaintiff's] claims against the IDFPR defendants because IDFPR is a state agency…." *Li v. Ill. Dep't of Fin. & Prof'l Regulation,* 2018 U.S. Dist. LEXIS 48734 at *7–8 (N.D. Ill. Mar. 23, 2018).

None of Endencia's allegations show that any exception to IDFPR's immunity applies here. *See id*. Illinois has not consented to suit in federal court for the claims at issue. *See* 745 ILCS 5/1; 705 ILCS 505/8. The FTCA does not abrogate state immunity because, as explained below, there is no private right of action under the FTCA. The *Ex parte Young* doctrine, which allows state official to be sued if plaintiff is requesting prospective equitable relief for ongoing violations of law, does not apply because Endencia requests monetary damages, not an injunction, and she does not allege an ongoing violation of law. *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

---

[5] The Eleventh Amendment of the U.S. Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

## B. FTCA Violation (Count I)

Endencia alleges that Defendants violated the FTCA based on deficiencies she claims exist in psychiatric tests and diagnostic procedures and because those tests are "not transparent". (Compl. ¶¶ 8–10.)

Section 45(a) of the FTCA prohibits "unfair methods of competition" and "unfair or deceptive acts or practices in or affecting commerce." However, as Defendants argue, the FTCA does not provide a private right of action. *La Salle St. Press, Inc. v. McCormick & Henderson, Inc.*, 293 F. Supp. 1004, 1006 (N.D. Ill 1968) (citing *Atlantic Refining Co. v. FTC*, 381 U.S. 357, 367 (1965)). Only the FTC may charge an entity with a violation of the FTCA. *Marquette Cement Mfg. v. FTC*, 147 F.2d 589, 594 (7th Cir. 1945). *See also Boutte,* 276 F. App'x at 491 ("Because neither [federal statute] provide[d] a cause of action against these defendants, [plaintiff's] claims under these statutes are frivolous and insufficient to establish jurisdiction.").

Therefore, the Court dismisses Count I with prejudice.

## C. Negligent Misrepresentation (Count II)

In Count II, Endencia alleges that Defendants made negligent misrepresentations. To adequately plead that claim, Endencia must allege:

> (1) A false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information.

*Wheaton Theatre, LLC v. First Am. Title Ins. Co.*, 354 F. Supp. 3d 904, 907 (N.D. Ill. 2018) (quoting *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327,

332 (Ill. 2006)). Endencia states only that "[p]sychiatrists are negligent in informing the public that the treatment they prescribe cause harm by mental impairment." (Compl. ¶ 11.) Her allegations do not identify any "false statement of material fact" by any Defendant. Nor does she allege any of the other elements of the claim.

The APA argues that even if Endencia adequately alleged a negligent misrepresentation claim, that claim is time-barred. Under Illinois law, a negligent misrepresentation claim must be brought within five years of the date on which the cause of action accrued. 735 ILCS 5/13-205. *See also McMahan v. Deutsche Bank AG*, 938 F. Supp. 2d 795, 802 (N.D. Ill. 2013). Plaintiff filed her Complaint in 2019, 13 years after receiving the diagnosis and nearly 11 years after her veterinary license was suspended. (*See* Dkts. 11-2, 11-3). Therefore Endencia's negligent misrepresentation claim is time-barred.

### D. The Court Will Not Grant Leave to Amend

Because there is no private right of action under the FTCA (Count I), Endencia's negligent misrepresentation claim (Count II) is time-barred, and IDFPR is immune from suit, the complaint must be dismissed.

In response to Defendants' motions to dismiss, Endencia seeks leave to amend her complaint and add defendants. Her motion to amend was not filed in the time permitted under Federal Rule of Civil Procedure 15(a)(1), so Rule 15(a)(2) applies, which allows a party to amend with the court's leave, which is "freely give[n]" "when justice so requires". Fed. R. Civ. P. 15(a)(2). Denial of an amendment is appropriate, however, when an amendment would be futile. *Villars v. Kubiatowski*, 128 F. Supp.

3d 1039, 1043 (N.D. Ill. 2015). An amended complaint is futile if it asserts the same facts, asserts a previously determined claim, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Id.* (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). "[C]ourts are within their discretion to dismiss with prejudice where a party does not make [a] showing [that the party might cure the defects in the complaint]." *Haywood*, 887 F.3d at 335; *see also Li*, 2018 U.S. Dist. LEXIS 48734, at *17 (N.D. Ill. Mar. 23, 2018) (denying leave to amend because amendment would be futile).

Here, neither Endencia's motion to amend nor her proposed amended complaint demonstrate that the defects in this case would be cured by the amended complaint. To the contrary, her amended complaint (Dkt. 28-1) is more unintelligible than her first complaint. She did not respond to any of the deficiencies raised by Defendants' motions. Instead, her amended complaint removes counts or any reference to a cause of action and adds, for example, a chart entitled "Breakdown of 2013 Psychiatric Drug Use." Her amended complaint still comes up against sovereign immunity for the IDFPR, no private right of action under the FTCA, and a time-barred state-law claim.

Even assuming a timely and valid state law claim existed, Endencia has not shown that there is any basis for federal jurisdiction. There is no federal statutory or constitutional issue, and Endencia has not shown that diversity jurisdiction exists. Complete diversity of citizenship is required under 28 U.S.C. § 1332, meaning no plaintiff is a citizen of the same state as any defendant. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Indeed her request to add defendants appears to

add three Illinois defendants. (Dkt. 29). Endencia alleged that the Court has jurisdiction under "FRCP 23(A) and B(2)." (Compl. ¶ 2). But she does not assert any allegations about the class she seeks to represent or how other potential plaintiffs are similarly situated, nor did she file any motion to certify a class. "Because the allegations of [plaintiff's] complaint do not suggest that her purported class action claim satisfies any of the jurisdictional requirements of the [Class Action Fairness Act], the court cannot assert subject matter jurisdiction over her state law claims pursuant to 28 U.S.C. § 1332(d)." *Allen v. JP Morgan Chase*, 2010 U.S. Dist. LEXIS 30809, at *11 (N.D. Ill. Mar. 30, 2010).

As a final matter, Dr. Henry has not appeared in this case. Endencia names him as a "representative" of the APA, although the APA says he has no affiliation with the APA. APA argues that, to the extent that Endencia alleges a medical malpractice claim, that claim is barred by the doctrine of *res judicata*. (Dkt. 24 at 1). The Court agrees.[6] Indeed, claim preclusion applies to Dr. Henry. The Illinois appellate court affirmed the Circuit Court of Cook County's dismissal with prejudice of Endencia's complaint, which "sounded in psychiatric malpractice" against Rush Behavioral Health and Dr. Henry. *Endencia v. Rush Behavioral Health*, 2014 IL App (1st) 132129-U. The Illinois Supreme Court denied appeal, and the U.S. Supreme Court denied certiorari. 2015 Ill. LEXIS 573 (Ill. 2015); 2015 U.S. LEXIS 7658 (U.S., Nov. 30, 2015). Endencia also brought claims against Dr. Henry in another suit in this

---

[6] Even if APA had not raised the issue, the Court could invoke claim preclusion *sua sponte*. *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 2019 U.S. App. LEXIS 26639, at *4 (7th Cir. Sep. 4, 2019) (district court may invoke claim preclusion *sua sponte*).

court, which Judge Dow dismissed. (Case no. 18-cv-5477, Dkt. 11). And the Seventh Circuit has affirmed dismissal of Endencia's claims against the IDFPR, Dr. Henry, and others. (*See* Dkt. 11-5 (Case No. 17-2256)) ("Endencia has not stated a federal claim concerning her failed business and the state's decision to suspend her veterinary license.").

As the Seventh Circuit has explained:

> The doctrine of res judicata, also known as claim preclusion, applies if there is (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies. If the doctrine applies, the plaintiff is barred from raising not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit.

*Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) (internal citations and quotation omitted). Endencia's claim against Dr. Henry, though hard to decipher, also "sound[s] in psychiatric malpractice", as in the Illinois case. Claim preclusion bars the claim. *See Li*, 2018 U.S. Dist. LEXIS 48734 at *17 (finding claim preclusion barred plaintiff's action against two defendants even though they had not appeared in response to the complaint).

Therefore the Court denies Endencia's motion to amend or add defendants.

## IV. Conclusion

For the stated reasons, Defendants APA's and IDFPR's motions to dismiss [10] and [15] are granted. Plaintiff Endencia's motions for leave to amend and add defendants [28] and [29] are denied. The case is dismissed with prejudice. Status

hearing set for 10/10/19 is stricken. The Clerk is directed to enter judgment and terminate the civil case.

ENTER:

Dated: October 7, 2019

MARY M. ROWLAND
United States District Judge